JOHN WILLIAMS *v.* JAMES H. STEWART, EXECUTOR, ETC.

1. JUSTICE OF THE PEACE. *Jurisdiction. Transitory action. Venue.* Code 1892, ? 2395. *Nonresident executor.*

Under code 1892, ? 2395, fixing venue in justice of the peace courts, a nonresident executor, appointed by the chancery court of a county in this state, may be sued in a justice's court of another county, if the contract sued upon were made in the justice's district in which the suit is brought and he be there personally served with process.

2. SAME. *Code* 1892, ? 653.

Code 1892, ? 653, providing that nonresident executors, appointed in this state, may be sued in the county of their appointment by publication of summons, does not exempt them from liability to suit elsewhere.

FROM the circuit court of, second district, Coahoma county. HON. FRANK A. MONTGOMERY, Judge.

Williams, appellant, was plaintiff, and Stewart, executor, was defendant in the court below. The facts are fully stated in the opinion of the court.

*R. H. Wildberger* and *Alexander & Alexander*, for appellant.

Section 653, code of 1892, was obviously designed to meet the case where the nonresident excutor or administrator could not be found in this state. It was not intended to supersede the general law, which authorizes a suit to be brought wherever the defendant is found. Section 650 is applicable to circuit courts, provides that civil actions shall be commenced in the county in which the defendants, or any of them, may be found, and provides that, "If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, the venue shall be changed, on his application, to the county of his household and residence." Section 653 is not a restriction or limitation on 650, but enlarges the jurisdiction of our courts as to suits which have to be brought by publication of summons for nonresident defendants. It has no application to cases where the executor is found in this state and converts property here, and is also found here, all in the same jurisdiction. But for § 653, a nonresident executor could never be sued in this state except where the jurisdiction was dependent upon the seizure of property. But now by that section, where publication alone is made, venue is fixed in a certain county. But there is no provision of law which forbids a non-resident executor coming into this state and making contracts here, and selling property anywhere within the state. If § 653 provides the only venue, the nonresident executor who detained personal property in a county other than that of his appointment could not be sued in that county in replevin, and we would have to bring replevin in a county where the prop-

erty was not situated or found. A nonresident executor, where the administration was pending, say in Wilkinson county, and who detained cotton in Tishomingo county from a citizen of that county, could force that citizen to go to Wilkinson county to bring replevin for a bale of cotton. The true rule is found from a construction of all the statutes, and especially of § 2395. If Stewart was a freeholder or a householder of any county in this state there would be more reason in the contention, but his affidavit shows that he is a nonresident of the state, and, therefore, having contracted in Clarksdale and incurred liability there, and having been found there, the jurisdiction is complete. We see no reason why appellee shall not be amenable to suit just as other nonresidents.

*Rush & Gardner*, for appellee.

The statute authorizing suits against executors, etc., out of the state must be complied with, and § 653 of the code is plain and unambiguous, and seems to need no argument in support of the action of the court below in dismissing the suit, on the facts set out in the cause of action and by plea showing the representative capacity in which the defendant was sued, and his nonresidency and the pendency of his administration in Leflore county, Mississippi, where letters of executorship, with the will of Enos Rogers, deceased, annexed, was pending in the chancery court of said county.

TERRAL, J., delivered the opinion of the court.

This is an action by Williams against Stewart, as executor of the last will and testament of Enos Rodgers, deceased, for breach of contract in the sale of the merchantable cotton contained in forty-nine bales of damaged cotton then at the warehouse of the Clarksdale Compress Company, at Clarksdale, in Coahoma county. The compress company had agreed with Stewart that it would separate the good cotton from the damaged, and rebale the same; and Stewart, the executor, had

agreed in writing with Williams that the good cotton, when separated from the damaged cotton and rebaled, would be delivered to him at a stated price.    The good cotton having been picked from the damaged cotton and rebaled by the compress company, Williams demanded the cotton of the agent of Stewart, who declined to deliver the same, when he brought this suit for breach of contract.    Suit was brought against Stewart before a justice of the peace at Clarksdale, where the contract was made between the parties, and service was had upon him; and there he appeared and resisted said suit, but Williams had judgment for $163.49.    Stewart appealed to the circuit court, and there had the suit dismissed for want of jurisdiction; and from that judgment Williams appeals.

The motion recites as grounds for the dismissal of the suit: (1) That the defendant is a nonresident of Mississippi; (2) that Stewart is the executor of the last will and testament of Enos Rodgers, deceased, probated in the chancery court of Leflore county, Mississippi, where Stewart is his qualified executor.

The justice of the peace at Clarksdale had jurisdiction of the subject-matter of the action and of the defendant, Stewart; and how the circuit court did not acquire jurisdiction of the case when appealed there by Stewart, we do not see.    The contract between Williams and Stewart for the sale of the cotton, the breach of which is complained of, was made at Clarksdale; and § 2395 code 1892 says that suits may be brought in the district in which the debt was contracted.    Apart from the statute, a suit will lie, by the common law, in a transitory action, in any jurisdiction where service of process may be had.    If a defendant, a resident freeholder or householder of the State of Mississippi, be sued in a transitory action before a justice of the peace without the county of his residence, he may, except when sued where the contract was made, have the case dismissed for such cause; but, where the defendant is a nonresident of the state, his being such nonresident or his being a householder or freeholder in such foreign state does not

entitle him to dismiss the suit brought in this state. By the express letter of § 2295 code 1892, a person may be sued where the contract was made, and this statute gave the justice's court at Clarksdale jurisdiction of this case.

Section 653 code 1892, does not affect this case. It was intended to vest a jurisdiction in the courts of the county where administration of an estate is being had, over suits against foreign executors who have to be summoned by publication. Summons by publication was not necessary in this case. The summons was personally served upon the foreign executor, and at the place where the contract was made, in a court having jurisdiction of the subject-matter, and no reason is perceived why the justice court at Clarksdale had no jurisdiction of the case. We think the circuit court erred. The justice's court at Clarksdale, where the contract was made, had jurisdiction of the subject-matter of the suit, and also of the person of the defendant, Stewart, and his appeal to the circuit court carried jurisdiction to the circuit court. Stewart as executor of an estate administered here, can only be sued in this state; but, like every other person, he may be sued in this state wherever process can be served upon him, unless some statute provides where only he may be sued, and § 653 does not operate as such a limitation.

*Reversed and remanded.*